Blakely and another, Appellants, vs. Carter and others, Respondent.

*January 12 — January 31, 1888.*

*Estates of decedents: Payment of cash to distributees in lieu of securities: Ownership of securities.*

1. On settlement of an estate the distributees refused to accept a note and mortgage which the administrator had taken for money loaned, and he paid their entire distributive shares in cash and other securities. *Held*, that the administrator became thereby the absolute owner of such note and mortgage, and the fact that, supposing them to be worthless, he afterwards delivered them to one of the distributees at the request of the latter but without any assignment or intent to transfer them, does not affect such ownership.
2. If, in the settlement, the administrator had not been charged with interest on the note and mortgage, that error could not operate to transfer to the distributees any title to such securities.

APPEAL from the Circuit Court for *Walworth* County.

This action was commenced in January, 1887, to foreclose a certain mortgage on real estate, executed August 11, 1873, by the defendants *Carter* to the administrator of the estate of Robert Blakely, deceased, and his successors, to secure the payment of a note of even date for $800, and ten per cent. interest, made by said defendants *Edwin B.* and *Ackley Carter* to David Williams, administrator of the estate of

Robert Blakely, deceased, or his successor, payable in three years from the date thereof.   The complaint is in the usual form of complaints in foreclosure actions.   All the defendants, except Sarah M., the wife of the defendant *Edwin B. Carter*, answered, denying that the plaintiffs were the owners of the note and mortgage in suit.

The findings of fact by the court, and the conclusions of law therefrom, are as follows: "1. That the plaintiffs in this action were the residuary legatees of one Robert Blakely, deceased.   2. That one David Williams was the administrator, with the will annexed, of the estate of Robert Blakely, deceased.   3. That the note and mortgage sought to be foreclosed in this action as the property of the plaintiffs herein was given to secure a loan made by the said David Williams from the funds belonging to the estate of said Robert Blakely, deceased.   4. That before the commencement of this action the said administrator had made a final settlement of his administration of said estate; that an order of distribution had been duly made by the county court of said county of Walworth, assigning to the persons entitled thereto all the property in his hands belonging to said estate; and that in pursuance of such order the said administrator did pay over to the plaintiffs their entire distributive shares, in cash and other securities, other than the note and mortgage sought to be foreclosed in this action,— said plaintiffs refusing to accept the same towards their distributive share or shares; and that said note and mortgage never was, by order of court or by any other way, transferred to said plaintiffs, and never was the property of them or either of them, either in law or equity.   And as conclusions of law: "1. That when the administrator, David Williams, turned over to the distributees under the will cash and securities sufficient to pay the amounts directed to be paid them by the order of distribution, the proof showing that they refused to accept the note and mort-

gage in suit, he (Williams) became *ipso facto* the owner of this note and mortgage. 2. The ownership of the note and mortgage never having been in the plaintiffs, they cannot maintain this action. 3. That the defendants herein are entitled to the judgment of this court dismissing this action, with respective costs and disbursements."

Judgment was thereupon entered in favor of all the defendants, dismissing the complaint with costs. The plaintiffs appealed from such judgment.

For the appellants there was a brief by *A. S. Spooner*, attorney, and *John Winans* and *W. L. Shunk*, of counsel, and oral argument by *Mr. Spooner*.

For the respondents there was a brief by *J. F. Lyon* and *C. B. Sumner*, and oral argument by *Mr. Lyon*.

LYON, J. But little need be said in the determination of this case. As a matter of course, if the plaintiffs are not the owners of the note and mortgage in suit they cannot maintain an action to foreclose the mortgage, and the complaint was properly dismissed. The evidence proves beyond controversy the facts found by the circuit court, and the irresistible deduction from those facts is that Williams, the former administrator of the estate of Robert Blakely, deceased, and not the heirs or legatees of said deceased, is the owner of the securities. It is useless to reiterate here the facts so clearly stated in the findings, or to enter into any discussion to prove that the conclusions of law therefrom are correct.

The legal title to the note and mortgage was in Williams from the time they were executed, and when he paid over to the plaintiffs the sums which the court required him to pay, and which included the money of the estate loaned to the *Carters*, for which the note and mortgage in question were given, he became the absolute owner of the securities.

It appears that in November, 1886, Williams delivered

the note and mortgage to the plaintiff *Robert Blakely*, at the request of the latter. No contract was made in respect to the securities, no assignment thereof was executed, and there was no intention by Williams to transfer the securities. He complied with such request because he regarded the obligations as worthless. This transaction did not affect Williams' title to the securities.

It was claimed in the argument that Williams was not held chargeable by the county court for as much as he should have been on account of the money of the estate loaned by him to the *Carters*, because he was not charged with interest thereon, and that this action ought to be maintained at least to the amount of such interest. The proposition is so plainly untenable it scarcely requires notice. If the county court erred in that behalf, the statute furnishes the plaintiffs ample remedies. But to hold that such alleged error operated to transfer the title to the securities from Williams to the plaintiffs would be a novel, almost absurd, ruling.

*By the Court.*— The judgment of the circuit court is affirmed.